# Lucas *v.* Boyd.

## *Bill to Reform a Contract.*

### (Decided Dec. 17, 1908. 47 South. 1017.)

1. *Reformation of Instruments; Pleading; Relief.*—On a bill filed for reformation of contract on the grounds of mistake, complainant is not entitled to a rescission on the ground of fraud in its execution, and the placing of the parties in statu quo, since the relief would be inconsistent with the allegation.

2. *Same; Pleading; Proof.*—The averments of a bill for the reformation of a contract are required to be made with great particularity, and the proof must be clear and satisfactory.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by Breckinridge Lucas against L. M. Boyd, to reform a contract on the ground of mistake. From a decree for respondent complainant appeals. Affirmed.

J. M. CHILTON and JOHN V. SMITH, for appellant. Where there is mutual mistake in the execution of a deed and mortgage, equity has power to reform the same.— 24 A. & E. Ency of Law, pp. 648-654. Courts of equity will not only reform a mutual mistake between the parties, but also against creditors and purchasers chargeable with notice of the mistake.—*Berry, et al. v. Sowell,* 72 Ala. 14; *Burrows v. Pacific Guano Co.,* 81 Ala. 254; *Kenney v. Ensminger,* 87 Ala. 340; *Moore, et al. v. Tate,* 114 Ala. 82; *Orr, et al. v. Echols,* 119 Ala. 340. The answer is so evasive as really to amount to an admission of the facts charged.—*Grady v. Robinson,* 28 Ala. 289; *Ozly's Case,* 26 Ala. 332. He can set up no rescission not stated in his answers, and the answer should have been specific as to when the new contract was made.—Authorities supra, and *Robinson v. Mosely,* 93 Ala. 78; *Moog v. Darrow,* 101 Ala. 209.

[Lucas v. Boyd.]

FRED S. BALL, for appellee. Counsel discusses assignments of error and insist that the allegation and proof are not up to the requirement in the cases of this character.—*Dexter v. Orlander*, 95 Ala. 467.

DOWDELL, J.—The bill in this case is for a reformation of a contract on the ground of mistake. Under such a bill a rescission of the contract on the ground of fraud in its execution and a placing of the parties in statu quo cannot be had. The two are inconsistent reliefs. A bill for reformation of a contract on the ground of mistake is for the purpose of having the contract to speak the intention, not of one of the parties, but of both. Hence the mistake must be a mutual one. The averments of such bill are required to be made with great particularity, and the proof to be clear and satisfactory. This rule may be said to be almost axiomatic. It has been so often repeated in the decisions of the courts as not now to call for the citation of authorities.

The decree here was rendered on a final submission on the pleadings and proof. The question in the case is one purely of fact. The evidence has been carefully considered, and in it there is a sharp conflict on vital issues. It would serve no purpose to here discuss in detail the evidence. Applying the rule of law which obtains in such a case as to the character and measure of proof required, we cannot say that the complainant has met the requirement and discharged the burden placed upon him by the law. We therefore concur in the conclusion of the chancellor, and his decree will be here affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.